Curtis R. Hussey
Hussey Law Firm, LLC
10 N. Section Street, No. 122
Fairhope, AL 36532-1896
Telephone: (251) 928-1423
Facsimile: (866) 317-2674
Email: chussey@ThompsonConsumerLaw.com
*Attorney for Plaintiff*

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| Mercedes Heaps, | ) Case No. 2:18-cv-00589-BSJ |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S MOTION FOR THE** |
| | ) **ENTRY OF JUDGMENT AND TO** |
| vs. | ) **VACATE HEARING ON MOTION** |
| | ) **OR, IN THE ALTERNATIVE, TO** |
| Chad Rasmussen, LLC dba Alpina Legal) | **CONTINUE HEARING ON MOTION** |
| and Cascade Collections, LLC, | ) |
| | ) |
| Defendants. | ) Judge: Hon. Bruce S. Jenkins |

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff Mercedes

Heaps ("Plaintiff") hereby moves the Court for the entry of judgment against Defendants

Chad Rasmussen, LLC dba Alpina Legal ("Alpina") and Cascade Collections, LLC

("Cascade") (collectively "Defendants"). *See* Doc. 20; Doc. 20-1.  In addition, Plaintiff

asks the Court to vacate the February 11, 2019 hearing on Defendants' motion to dismiss,

which is now moot.  Alternatively, Plaintiff respectfully requests that the Court continue

the hearing date, due to Plaintiff's counsel's unavailability on February 11, 2019.  In

support of the foregoing requests for relief, Plaintiff respectfully shows the following:

1

## I.     Statement of Relevant Facts and Procedural History

1.      Plaintiff brought this action against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Doc. 1.

2.      Plaintiff's claims arise out of a letter that Alpina, a debt collection law firm, sent her on behalf of a debt buyer, Cascade.  *See* Doc. 16-1.

3.      Through the letter, Defendants attempted to collect on a default judgment that Alpina obtained against Plaintiff on Cascade's behalf.  *See* Doc. 16 at ¶ 26.

4.      Plaintiff alleges that the letter violates the FDCPA at §§ 1692e, 1692e(2)(A), and 1692g(b).  *See id.* at ¶¶ 43-65 (Counts I-III).

5.      The day after Plaintiff initiated this action, Defendants applied for a writ of execution in state court against the default judgment.  *See* Doc. 16 at ¶ 38.

6.      At their request, the state court issued the writ.  Doc. 16-2.

7.      The state court's writ specifically identifies the "property to seize" from Plaintiff as her "choses in action" against Defendants.  *Id.* at 2-3 (referencing "the case of *Mercedes Heaps v. Chad Rasmussen LLC and Cascade Collections*, Case No 2:18-CV-00589-BCW, in the United States District Court for the District of Utah.").

8.      On December 7, 2018, a Deputy Constable of the Salt Lake County Constable's Office purported to sell Plaintiff's rights in this federal case to Cascade for $300 at auction.  Doc. 17 at 26.

9.      On December 24, 2018, Defendants filed a motion in this Court, seeking the dismissal of Plaintiff's FDCPA claims against them, asserting that "Plaintiff no longer

owns this cause of action."  *Id*. at 5 ("As the rightful owner, Cascade is the real party in interest" and "has the ability to request dismissal with prejudice.").

10.     On January 17, 2019, the Court noticed a hearing on Defendant's motion to dismiss for February 11, 2019 at 10:00 a.m.  Doc. 18.

11.     On January 21, 2019, Plaintiff's counsel emailed Defendants' counsel to determine whether Defendants would oppose a request for a continuance of the hearing.

12.     The undersigned's co-counsel, David N. McDevitt of the Thompson Consumer Law Group, PLLC, was intending to argue on Plaintiff's behalf at the hearing and planned to submit a motion for admission pro hac vice in order to do so.

13.     However, Mr. McDevitt and his wife are expecting a child in the week of February 11, 2019.

14.     Upon receipt of this explanation, Defendants' counsel graciously stated that they would not oppose Plaintiff's request for a continuance of the hearing.

15.     The same day, Plaintiff timely responded to Defendants' motion.  Doc. 19.

16.     Therein, Plaintiff urged the Court to follow the a recent Ninth Circuit opinion—discussing a collector's attempt to employ the same tactic being attempted by Defendants here—to hold "that federal law preempts a private party's use of state execution procedures to acquire and destroy a debtor's FDCPA claims against it."  *Id*. at 5 (quoting *Arellano v. Clark Cty. Collection Serv., LLC*, 875 F.3d 1213, 1218 (9th Cir. 2017)).

17.     On January 22, 2019, the day after Plaintiff filed her response, Defendants served Plaintiff with a Rule 68 offer of judgment.  *See* Doc. 20-1; *see also* Exhibit A attached hereto (email from Chad C. Rasmussen, Esq. conveying the offer).

18.     Therein, Defendants "offer[ed] to allow judgment to be taken against them in this case in favor of Plaintiff…in the amount of one thousand dollars…." *Id.* at 1.

19.     Defendants' Rule 68 offer further stated that "[t]he Judgment entered shall include an additional amount for Plaintiff's reasonable costs and attorney's fees accrued through the date of this offer, either as agreed to by Defendants and Plaintiff or, in the event Defendants and Plaintiff cannot agree, as determined by the Court on application by Plaintiff." *Id.* at 1-2.

20.     All other terms in Defendants' offer are in accordance with Rule 68.

21.     Nothing in Mr. Rasmussen's email qualifies the Rule 68 offer in any way, *see* Exhibit A, and there were no concurrent oral or written communications about it.

22.     As such, Plaintiff interpreted the offer as indicating Defendants' earnest desire to resolve this action economically in accordance with Rule 68.

23.     Accordingly, the undersigned's co-counsel, Mr. McDevitt, did not submit a motion for admission pro hac vice, and Plaintiff did not move for a continuance of the February 11, 2019 hearing.

24.     Instead, on February 4, 2019, within the time prescribed by Rule 68, Plaintiff filed a notice of her acceptance of Defendants' offer, attaching a copy of it thereto. *See* Doc. 20; Doc. 20-1.

25.     On February 5, 2019, Defendants filed an "objection" to Plaintiff's notice of acceptance, revealing that it was all a ruse. Doc. 21 at ¶ 4 ("Defendants submitted the Offer of Judgment *only strategically*….") (emphasis added).

26.     In their objection, Defendants ask the Court to "hold its February 11, 2019 hearing to determine whether this case is dismissed because [Cascade] owns Plaintiff's rights, interest, and title in this lawsuit." *Id*. at 2.

## II.     Argument

The Court should issue an order vacating the February 11, 2019 hearing—as Defendants' motion to dismiss is moot—and directing the Clerk to enter judgment in favor of Plaintiff and against Defendants in accordance with the offer of judgment.  To the extent the Court is still willing to entertain Defendants' motion (it should not), the hearing should be continued to allow Mr. McDevitt an opportunity to submit a motion to appear pro hac vice, so that he may represent Plaintiff at the hearing on Defendants' motion.

### A.     Plaintiff's acceptance of Defendants' Rule 68 offer of judgment concludes this litigation.

Regardless of Defendants' hidden intent in serving it, Plaintiff's acceptance of their offer of judgment— expressly made pursuant to Rule 68—effectively ends this litigation. The *only* proper course of action is to direct the entry of judgment in favor of Plaintiff Mercedes Heaps and against Defendants Chad Rasmussen, LLC dba Alpina Legal and Cascade Collections, LLC, in the amount of $1,000, plus her reasonable attorney's fees and costs accrued through January 22, 2019.

#### 1.     The purpose of Rule 68 is to resolve litigation.

Under Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  "If, within 14 days after being served, the opposing party serves written notice

accepting the offer, either party may then file the offer and notice of acceptance, plus proof

of service." *Id.*  "The clerk *must then enter judgment.*" *Id.* (emphasis added).

"'The plain purpose of Rule 68 is to encourage settlement and avoid litigation' by

'prompting both parties to a suit to evaluate the risks and costs of litigation, and to balance

them against the likelihood of success upon trial on the merits.'" *Felders v. Bairett*, 885

F.3d 646, 651-52 (10th Cir. 2018) (quoting *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012,

87 L.Ed.2d 1 (1985)); *see also Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1404 (10th

Cir. 1993) ("Under this scheme, the defendant can protect itself from the costs associated

with protracted litigation by making a formal offer of judgment.").

### 2. Rule 68 offers of judgment are construed under traditional contractual principles.

"The language of an offer of judgment is construed according to ordinary contract

principles." *Roska v. Sneddon*, 366 F. App'x 930, 938 (10th Cir. 2010); *see also Campbell-*

*Ewald Co. v. Gomez*, 136 S. Ct. 663, 670, 193 L. Ed. 2d 571 (2016) ("Under basic

principles of contract law, Campbell's settlement bid and Rule 68 offer of judgment, once

rejected, had no continuing efficacy."); *Garayalde-Rijos v. Municipality of Carolina*, 799

F.3d 45, 47 (1st Cir. 2015) ("Federal courts have applied ordinary contract law principles

to determine whether there has been a valid offer and acceptance under Rule 68.").

### 3. Defendants presented a valid offer, which Plaintiff accepted. Defendants may not rescind it.

The record reflects that, on January 22, 2019, "pursuant to Rule 68 Fed. R. Civ. P.,"

Defendants "offer[ed] to allow judgment to be taken against them in this case in favor of

Plaintiff…." Doc. 20-1 at 2.  The terms of the offer were "definite and unambiguous."

*DCM Inv. Corp. v. Pinecrest Inv. Co.*, 2001 UT 91, ¶ 12, 34 P.3d 785, 789.  Within 14 days, Plaintiff accepted their offer, in accordance with Rule 68, by filing her notice and the offer with the Court.  Doc. 20; Doc. 20-1. Viewing the parties' conduct objectively, this constitutes an agreement to which Defendants are bound.

Nothing in the language of the offer, or how it was presented, would suggest that Defendants were presenting some sort of sham offer for "strategic" reasons.  The offer contained the typical terms for the resolution of an FDCPA action, particularly one which the defendant debt-collector knows will result in an adverse result.  That is, Defendants offered $1,000 and reasonable attorney's fees and costs, the maximum that Plaintiff could realistically recover from them.  *See* 15 U.S.C. § 1692k.  The offer was conveyed in an email without any qualification.  *See* Exhibit A.

To the outside observer, Defendants appear to have made the offer because they realized, upon reading Plaintiff's response, that their motion would be denied.  Defendants now suggest that the "plaintiff" to which the offer was made was really Cascade, as they had argued in their motion.  But this is not how the offer reads.  *See Blair v. Shanahan*, 795 F. Supp. 309, 314 (N.D. Cal. 1992), *aff'd*, 38 F.3d 1514 (9th Cir. 1994) (rejecting attempt by defendant to revoke offer, based on "the subjective intent of the drafter," where "[t]he disagreement concern[ed] the legal effect of th[e] contract, concerning an issue upon which the offer was silent."). On its face, the offer allows Ms. Heap the right to establish judgment against Defendants in her favor upon her acceptance of it.  The offer was made in a document identifying Ms. Heap as the "Plaintiff" in the action, and it even contained a signature block for "Plaintiff: Mercedes Heaps."  Doc. 20-1 at 3.

Analyzing the substance of the offer yields the same result.  The terms of the offer would be illogical if they were not being presented to Ms. Heap.  The offer proposes a method for resolving attorney's fees and costs "in the event Defendants and Plaintiff cannot agree…."  *Id.* at ¶ 2.  Cascade could not possibly disagree *with itself* over the amount of attorney's fees that should be paid.  What's more, the language of the offer articulates the implications of accepting or rejecting it—implications that would be irrelevant if Defendants intended the word "Plaintiff" to mean Cascade.  *See id.* at ¶ 3 (stating that the judgment's only effect is with respect to the settlement of the action); *id.* at ¶ 5 (evidence of the offer is inadmissible except in a proceeding to determine costs); id. at ¶ 6 (noting that, if unaccepted, Plaintiff must pay her own costs and those costs Defendants might incur after the offer was made, if she did not ultimately obtain a more favorable judgment).

In sum, Defendants presented a valid Rule 68 offer to Plaintiff, and she accepted it.  "[I]t would be ludicrous and manifestly unjust to allow the Defendants to argue after the fact that their offer really means more than it says."  *Erdman v. Cochise Cty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991) (quoting *Rateree v. Rockett*, 668 F.Supp. 1155, 1159 (N.D.Ill.1987)).

### 4. Defendants' motion is moot, and the arguments made therein are without legal significance.

Defendants' objection states that the Court should hold the hearing "to determine if Plaintiff's Notice of Acceptance of Offer of Judgment is effective, and if it is, whether [Cascade] owns any such judgment that ensues from such judgment."  Doc. 21 at 1-2.  Perhaps if Defendants had re-read the foregoing sentence before filing their objection, they

would have realized that they misunderstand both the judicial process and the legal impact

of Plaintiff's acceptance of the Rule 68 offer of judgment, which they voluntarily made.

Defendants sought relief from the Court, and made arguments in support thereof, in

their "motion and memorandum to substitute party-plaintiff and to dismiss plaintiff's

complaint." Doc. 17 at 1 (capitalization and bold in original). But the Court *did not grant*

*that relief* before Plaintiff accepted their offer of judgment. The party-plaintiff was never

substituted. This action is still (and has always been) an action between Defendants and

Ms. Heaps, a consumer-plaintiff.[1]  In other words, even if Defendants' arguments about

Cascade being the "real party in interest" held water—and they don't—the Court would

need to have taken some affirmative step to alter the posture of this case. *See* Fed. R. Civ.

P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of

the real party in interest until.…").

These arguments have been abandoned. The text of Rule 68 makes clear that the

effect of an acceptance of an offer of judgment is to *immediately* resolve the action. *See*

Fed. R. Civ. P. 68(a) ("The clerk *must then* enter judgment.") (emphasis added). It does

---

[1] The Court may also grant the instant motion after concluding that Defendant's motion to substitute plaintiff should be denied, based on the Ninth Circuit's analysis in *Arellano*, 875 F.3d 1213. *See* Doc. 19 at 4-6. In their reply, Defendants argue that Plaintiff is collaterally estopped "from arguing that an exemption exists in the choses in action..." Doc. 22 at 1 (capitalization in original). But Plaintiff does not argue that the Court should deny their motion on the basis that her case is exempt from execution under Utah law. For collateral estoppel purposes, *that* was the issue of law necessary to the state court's ruling that the writ should issue. Here, Plaintiff argues that the state writ and subsequent auction have no legal effect in this action. In other words, to the extent the state execution procedures would otherwise cause Cascade to be the "real party in interest" under Fed R. Civ. P. 17, those procedures are preempted by the FDCPA. This is a distinct issue not yet litigated.

not matter that Defendants believed they had a defense to liability.  As the Eighth Circuit

explained, "[i]f the plaintiff accepts this offer, the clerk enters judgment in the amount

stipulated and *the lawsuit ends*."  *White v. Nat'l Football League*, 756 F.3d 585, 595 (8th

Cir. 2014) (emphasis added).  "[T]he court itself exercises no review over the judgment.

Rather, the court's involvement is limited to filing the judgment on the docket…."  *Id*.

In fact, under Rule 68, Plaintiff's motion for the entry of judgment is technically

unnecessary.  But, because the Clerk may be uncertain about how to proceed in light of

Defendants' objection, the Court should direct it to enter judgment.

**B.**     **If the Court holds a hearing on Defendants' motion, Plaintiff respectfully asks that it be continued so she may be represented by her preferred counsel.**

As set forth in Plaintiff's statement of facts, *supra*, the undersigned's co-counsel,

Mr. McDevitt, was intending to seek admission pro hac vice in order to represent Plaintiff

at the hearing on Defendants' motion.  Plaintiff was also intending to request a continuance,

since Mr. McDevitt's wife is expected to give birth the same week as the hearing.

Defendants stated that they would not oppose a continuance.

After they served an offer of judgment, it appeared that requesting a continuance

(and moving for Mr. McDevitt's admission) would be unnecessary.  However, Defendants

subsequently objected to Plaintiff's notice of acceptance and requested that the hearing on

February 11, 2019 proceed.  Plaintiff reasonably assumes that Defendants did not intend to

frustrate her ability to be represented by her preferred counsel—should the Court still find

the hearing necessary.  Nevertheless, unless and until the Court grants her primary relief,

Plaintiff respectfully asks for a short continuance to allow Mr. McDevitt to seek admission and fulfill his familial responsibilities before appearing on her behalf.

## III.     Conclusion

Defendants' attempt to frustrate the purpose of the FDCPA through the use of state execution procedures likely would have failed, since the former law preempts the latter under the Supremacy doctrine.  The Court need not wade into these weighty constitutional matters.  Under the mechanisms of Rule 68, this case is over.  The Court should vacate the hearing and direct the Clerk to enter judgment in Plaintiff's favor.  If the parties cannot agree to an amount of fees and costs, a motion will follow pursuant to Rule 54.  Should the Court decide that a hearing is necessary, Plaintiff respectfully asks for a short continuance.

Dated: February 6, 2019.                        Respectfully submitted,

s/Curtis R. Hussey
Curtis R. Hussey
USB No. 5488
Hussey Law Firm, LLC
10 N. Section Street, No. 122
Fairhope, AL 36532-1896
Telephone: (251) 928-1423
Facsimile: (866) 317-2674
Email: chussey@ThompsonConsumerLaw.com

*Co-counsel with:*
*Thompson Consumer Law Group, PLLC*

**Correspondence address:**

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
TCLG@thompsonconsumerlaw.com
*Attorneys for Mercedes Heaps*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 6, 2019, I filed the foregoing document with the Court

using CM/ECF, which will send notification of such filing to all counsel of record.


<u>s/Curtis R. Hussey</u>
Curtis R. Hussey