IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MERCEDES HEAPS, <br><br> Plaintiff, <br><br> v. <br><br> CHAD RASMUSSEN, LLC, et al., <br><br> Defendants. | **ORDER:** <br><br> **(1) GRANTING MOTION FOR ENTRY OF JUDGMENT, AND** <br><br> **(2) DENYING MOTION TO SUBSITUTE** <br><br> Civil No. 2:18-cv-00589-BSJ <br><br> Judge Bruce S. Jenkins |

This matter is presently before the court on relatively-novel and competing motions seeking to bring this case to a conclusion. First, Defendants Chad Rasmussen, LLC ("Rasmussen"), and Cascade Collections, LLC ("Cascade"), filed a Motion to "Substitute Party-Plaintiff and to Dismiss Plaintiff's Complaint" ("Motion to Substitute").[1] Subsequently, Plaintiff Mercedes Heaps ("Heaps") filed a "Motion for the Entry of Judgment."[2] On March 4, 2019, the court heard oral argument on the Motions, requested additional submissions from the parties, and took the matter under advisement.[3]

## BACKGROUND

On July 25, 2018, Heaps initiated this lawsuit by filing her Complaint against Rasmussen and Cascade.[4] The Complaint alleged three causes of action under the Fair Debt Collection Practices

---

[1] ECF No. 17.
[2] ECF No. 23. This Motion also sought to continue a hearing. In the interest of brevity, the court will refer to it as a "Motion for the Entry of Judgment."
[3] Min. Entry (ECF No. 31).
[4] Compl. ECF No. 2.

Act ("FDCPA").[5] The following day, July 26, 2018, Cascade obtained a Writ of Execution from Utah's Third District Court ("State Court"), which authorized a sheriff's sale of Heaps' choses in action in this FDCPA case.[6] Heaps attempted to quash the Writ and stop the sale of her choses in action, but the State Court ordered the sale to proceed.[7] On December 10, 2018, Cascade purportedly purchased Heaps' choses in action against Cascade and Rasmussen in this case for the sum of a $300 credit bid.[8]

On December 24, 2018, Rasmussen and Cascade filed their Motion to Substitute.[9] In that Motion to Substitute, Rasmussen and Cascade contend Cascade should be substituted as plaintiff in this action, and the case should then be voluntarily dismissed under Rule 41 because Cascade and Rasmussen agree to dismissal and Heaps should no longer be party to the case.[10] On January 22, 2019, while their Motion to Substitute was pending, Rasmussen and Cascade sent an Offer of Judgment to Heaps pursuant to Rule 68.[11] Rasmussen and Cascade offered for Heaps to take judgment on all three of her causes of action for a single payment of $1,000 plus reasonable attorney fees incurred through the date of the offer.[12] On February 4, 2019, Heaps accepted the offer.[13] Heaps then filed her Motion for the Entry of Judgment, which asked the court to enter judgment according to the terms of Rasmussen and Cascade's Offer of Judgment, and find their

---

[5] *Id.*
[6] Writ of Execution (ECF No. 17, Ex. A).
[7] *See* Pl. Heaps Reply Req. Hr'g Writ of Execution (ECF No. 17, Ex. B); Pl. Heaps Mot. Quash Writ of Execution (ECF No. 17, Ex. C); State Court Order (ECF No. 17, Ex. D).
[8] Certificate of Sale (ECF No. 17, Ex. E).
[9] ECF No. 17.
[10] *Id.* at 5.
[11] *See* January 22, 2019 Email from Chad Rasmussen to Curtis Hussey (ECF No. 23, Ex. A).
[12] Defs.' Rule 68 Offer J. (ECF No. 20, Ex. A).
[13] *See* Pl.'s Notice Acceptance Offer J. (ECF 20).

Motion to Substitute moot.[14] Rasmussen and Cascade then filed "Supplemental Briefing" asking the court to dismiss the case because Heaps' rights had been extinguished by the sheriff's sale in December 2018.[15]

## ANALYSIS

Based on the parties' agreement pursuant to Rule 68, the court will enter judgment on the terms Rasmussen and Cascade offered. Rule 68 allows a party or parties defending against a claim to offer to allow judgment to be entered against the offeree on specified terms. If the opposing party serves written notice accepting the offer within fourteen days, "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a). Here, Rasmussen and Cascade offered to allow judgment on specified terms. Heaps accepted. She filed her written acceptance with the court.[16] There remains nothing left for the court to do but enter judgment on the terms to which the parties agreed, as Rule 68 mandates. An Offer of Judgment is not a tool to be used lightly or insincerely. It terminates not only the lawsuit but also, unless explicitly reserved, the right to appeal. Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3005 (3d ed.) ("A Rule 68 offer may reserve the right of a party to appeal from the court's prejudgment rulings, but unless that right is reserved no appeal may be taken.")

Rasmussen and Cascade do not argue otherwise in their response. Instead, they repeat their argument that Heaps lacks prudential standing to pursue her claims.[17] This asserted lack of standing is insufficient to avoid judgment on the terms Rasmussen and Cascade themselves

---

[14] ECF No. 23.
[15] ECF No. 29.
[16] Pl.'s Notice Acceptance Offer J. (ECF No. 20).
[17] Defs.' Supp. Br. at 2–3 (ECF No. 29).

offered. "Although the jurisprudence surrounding standing and jurisdiction has at times been muddled, [the Tenth Circuit] ha[s] clearly held that 'prudential standing is not a jurisdictional limitation and may be waived.'" *Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014). Rasmussen and Cascade offered to waive their prudential-standing argument by making the Offer of Judgment. Rasmussen and Cascade's waiver became effective when Heaps accepted the Offer of Judgment. At the time Rasmussen and Cascade made the Offer of Judgment, their arguments about the identity of the real party in interest were only arguments. The status of the parties had not changed. Heaps remained Plaintiff. Rasmussen and Cascade remained Defendants with the power to offer judgment. Once Heaps accepted, Rasmussen and Cascade's Motion to Substitute became moot and their prudential-standing argument was extinguished.

At oral argument, counsel for Rasmussen and Cascade suggested the Offer of Judgment was made "strategically" and conditioned on the court finding FDCPA preempts Utah law allowing execution.[18] Even assuming such conditions were valid, the record does not support this claim. The Offer of Judgment does not include any precondition, nor does the accompanying correspondence. Rasmussen and Cascade sent an unqualified Offer of Judgment. Heaps accepted. Accordingly, the court will enter judgment under the terms Rasmussen and Cascade proposed in their Offer of Judgment.

## ORDER

Based on the foregoing, the court **DENIES** Rasmussen and Cascade's Motion to Substitute (ECF No. 17) and **GRANTS** Heaps' Motion for the Entry of Judgment (ECF No. 23). Judgment will be entered in favor of Plaintiff Mercedes Heaps for $1,000 plus attorney fees incurred

---

[18] March 4, 2019 Mot. Hr'g Tr. 11:17–15:18.

through January 22, 2019. Heaps may file a motion under Rule 54 to determine the specific amount of the attorney fee award.

Dated this 7th day of June 2019.

By the Court:

Bruce S. Jenkins
United States Senior District Judge